UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br> vs.<br><br>MARLON IRON CROW,<br><br>    Defendant. | CR. 16-50148-JLV<br><br>ORDER |

   The government filed a motion *in limine* regarding defendant Marlon Iron Crow's prior statement to law enforcement. (Docket 81 at p. 3). The government indicates it does not intend to introduce the audio recording of defendant's statement. Id. The motion requests a ruling *in limine* prohibiting the defendant from introducing his statement unless he testifies. Id. The government argues the statement is inadmissible hearsay. Id. Specifically, the government asserts the statement is not admissible under Federal Rule of Evidence 801(d)(2) because it is not "offered against an opposing party . . . ." Fed. R. Evid. 801(d)(2). Defendant opposes the government's motion. (Docket 82). Defendant claims excluding his prior statement even if he does not testify violates his constitutional right to present his defense. Id. at pp. 2-4.

   The court finds defendant's prior statement to law enforcement is admissible based on the Federal Rules of Evidence and the United States

Constitution. Even if defendant does not testify, he may introduce into evidence the audio recording of his statement.[1]

I. **Rule 807**

Federal Rule of Evidence 807 provides a basis for admitting a hearsay statement "not specifically covered by a hearsay exception in Rule 803 or 804 . . . ." Fed. R. Evid. 807. Defendant's statement to law enforcement is hearsay. Fed. R. Evid. 801(c). The statement must meet four requirements to be admissible under Rule 807. The United States Court of Appeals for the Eighth Circuit explains:

> Rule 807 provides that a hearsay statement is not excluded by the rule against hearsay, even if not covered by an exception in Rule 803 or 804, if the statement (1) has "equivalent circumstantial guarantees of trustworthiness" to statements admitted under the enumerated exceptions, (2) is offered as evidence of a material fact, (3) is more probative on the point offered than any other reasonably available evidence, and (4) will best serve the general purposes of the rules of evidence and the interests of justice. We have said that this exception to the rule against hearsay "was necessary to permit courts to admit evidence in exceptional circumstances where the evidence was necessary, highly probative, and carried a guarantee of trustworthiness equivalent to or superior to that which underlies the other recognized exceptions." United States v. Renville, 779 F.2d 430, 439 (8th Cir. 1985).

United States v. End of Horn, 829 F.3d 681, 685-86 (8th Cir. 2016).

The defendant's statement has sufficient circumstantial guarantees of trustworthiness. "According to the theory of the hearsay rule, the

---

[1] The court made its determination at the conclusion of the first day of trial and notified the parties via email at that time. Before the court entered this order, the government filed a motion for reconsideration. (Docket 100). In crafting this ruling, the court considered the applicable arguments in the government's motion for reconsideration.

2

trustworthiness must be gleaned from circumstances that 'surround the making of the statement and that render the declarant particularly worthy of belief,' not by 'bootstrapping on the trustworthiness of other evidence at trial.' " Id. at 686 (quoting Idaho v. Wright, 497 U.S. 805, 819 (1990) abrogated on other grounds by Crawford v. Washington, 541 U.S. 36 (2004)). "[T]rustworthiness is analyzed under a broad totality of the circumstances test." United States v. Halk, 634 F.3d 482, 489 (8th Cir. 2011) (internal quotation marks omitted).

The court listened to the audio recording of defendant's statement to law enforcement. Mr. Iron Crow voluntarily waived his right to remain silent and his right to counsel at the beginning of the FBI interrogation. Defendant maintained a calm demeanor and his account of the facts remained consistent throughout the interview with two FBI agents. The agents repeatedly challenged Mr. Iron Crow about his account of the incident. The interview occurred three days after the alleged murder. See Halk, 634 F.3d at 489 (finding statements made "over a year after [defendant's] arrest" and "in anticipation of litigation" were not trustworthy). Rather than invoking his right to remain silent, defendant made statements potentially exposing himself to criminal liability. See Fed. R. Evid. 804(b)(3) (providing statements exposing a person to criminal liability are exceptions to the rule against hearsay); End of Horn, 829 F.3d at 686 ("Statements admitted under the firmly rooted hearsay exceptions enumerated in Rule 803 and 804—for example, dying declarations, excited utterances, or statements made for medical treatment—are so trustworthy that adversarial testing would add

3

little to their reliability."). Based on these facts surrounding defendant's statement, it is sufficiently trustworthy.

Mr. Iron Crow's statement is offered as evidence of a material fact. Defendant offers his prior statement in support of his self defense argument, and in support of his position that he was responding to a threat of violence, matters which are central to his defense. (Docket 82 at p. 3). The statement defendant made to law enforcement directly addresses whether he acted in self defense. Both the defendant and the government agreed to include a self defense instruction in the court's primary jury instructions given before opening statements by counsel. (Docket 98 at p. 10). The defendant's statement to the agents relates to a material fact.

The defendant's statement is more probative than other reasonably available evidence. The court's self defense instruction provides: "If a person reasonably believes that force is necessary to protect himself from what he reasonably believes to be unlawful physical harm about to be inflicted by another and he uses such force, then he acted in self defense." Id. Although defendant's belief must be objectively reasonable to constitute self defense, he must also have the subjective belief that "force is necessary . . . ." Id. It is difficult to imagine more probative evidence of what the defendant believed than his own statements on that point. See United States v. Waldman, 172 F. Supp. 2d 1222, 1224 (D.S.D. 2001) (finding this requirement of Rule 807 met when there was no answer to the question, "[w]here would one go for more probative evidence?"). Under these circumstances, the prosecution cannot prevail on a rigid application of

Evidence Rules 801, 803 and 804 to force Mr. Iron Crow to take the stand when he has a constitutional right not to do so.

Admission of the defendant's statement will best serve the general purposes of the rules of evidence and the interests of justice. In a hotly contested murder case, Mr. Iron Crow's ability to present a defense grounded in facts is vital to the administration of justice. The Constitution established this principle. "Whether rooted directly in the Due Process Clause of the Fourteenth Amendment or in the Compulsory Process or Confrontation Clauses of the Sixth Amendment, the Constitution guarantees criminal defendants a meaningful opportunity to present a complete defense." Holmes v. South Carolina, 547 U.S. 319, 324 (2006) (internal quotation marks omitted).

The court finds defendant's statement to law enforcement admissible under Federal Rule of Evidence 807.

## II. The Sixth Amendment

"[S]tate and federal rulemakers have broad latitude under the Constitution to establish rules excluding evidence from criminal trials." Id. (internal quotation marks omitted). "This latitude, however, has limits." Id. As noted above, the Sixth Amendment "guarantees criminal defendants a meaningful opportunity to present a complete defense." Id. "[W]here constitutional rights directly affecting the ascertainment of guilt are implicated, the hearsay rule may not be applied mechanistically to defeat the ends of justice." Chambers v. Mississippi, 410 U.S. 284, 302 (1973). This inquiry involves balancing the interests behind the rules of evidence against

5

the constitutional guarantee of "a meaningful opportunity to present a complete defense."  United States v. Wilkens, 742 F.3d 354, 364 (8th Cir. 2014) (internal quotation marks omitted); see also Blaikie v. Callahan, 691 F.2d 64, 67 (1st Cir. 1982) ("[C]ourts have found the sixth amendment implicated when state evidentiary rules prevented a defendant from presenting his view of the facts.").

"Trial courts may exclude defense evidence on grounds the evidence is 'repetitive, only marginally relevant or poses an undue risk of harassment, prejudice, or confusion of the issues' without violating the Constitution." Wilkens, 742 F.3d at 364 (quoting Holmes, 547 U.S. at 326-27).  A defendant's "right to present a defense [is] not impaired [when he seeks] the introduction of irrelevant evidence."  Jackson v. Norris, 651 F.3d 923, 926 (8th Cir. 2011).  However, the United States Supreme Court found a constitutional violation where rules of evidence prohibited the defendant from presenting to the jury evidence that someone else confessed to the crime. Chambers, 410 U.S. at 284.  The United States Court of Appeals for the First Circuit "found a sixth amendment violation where the trial court ruled that the defendant could not introduce evidence that an eyewitness had identified another man as the guilty party."  Blaikie, 691 F.2d at 67 (citing Pettijohn v. Hall, 599 F.2d 476 (1st Cir. 1979)).

In this case, defendant's Sixth Amendment right to present his defense overrides the rules of evidence.  Central to defendant's case is whether he acted in self defense.  (Docket 82 at p. 3).  Toward this end, both the government and the defendant agreed to have the court instruct the jury on

6

the law of self defense. (Docket 98 at p. 10). Defendant's statement to law enforcement is not "repetitive, only marginally relevant [and does not pose] an undue risk of harassment, prejudice, or confusion of the issues . . . ." Holmes, 547 U.S. at 326-27. Mr. Iron Crow's statement provides his firsthand account of the incident alleged in the indictment and allows the jury to focus on the case's core issue of self defense. Defendant could put forward a partial defense through cross-examination of prosecution witnesses if the court excluded his statement. But he would be without "a meaningful opportunity to present a complete defense." Id. at 324. The court finds excluding defendant's statement to law enforcement based on the Federal Rules of Evidence would violate the Sixth Amendment.

Based on the above analysis, it is

ORDERED that the government's third motion *in limine* (Docket 81) is denied.

IT IS FURTHER ORDERED that the government's motion for reconsideration (Docket 100) is denied.

Dated June 28, 2017.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE